Order Filed on February 17, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| **GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Phone: (973) 467-2700<br>*Proposed Counsel to DGN Pharmacy, Inc.*<br>**DANIEL M. STOLZ, ESQ.**<br>**DONALD W. CLARKE, ESQ.**<br>**JACLYNN N. McDONNELL, ESQ.**<br>*dstolz@genovaburns.com*<br>*dclarke@genovaburns.com*<br>*jmcdonnell@genovaburns.com* | |
| In re:<br><br>DGN Pharmacy Inc.,<br><br>Debtor-in-Possession. | Case No.: 26-11520<br><br>Hon. John K. Sherwood<br><br>Chapter 11 |

**ORDER CONVERTING CASE FROM CHAPTER 11 TO CHAPTER 7**

The relief set forth on the following pages, numbered two (2), is **ORDERED**.

**DATED: February 17, 2026**

Honorable John K. Sherwood
United States Bankruptcy Court

Upon the application (the "Application") of DGN Pharmacy, Inc., the debtor and debtor-in-possession (the "Debtor"), for entry of an order converting this case from chapter 11 to chapter 7; and this Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice having been provided; and good cause appearing; it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Application is **GRANTED**.

2. Pursuant to section 1112(a) of title 11 of the United States Code (the "Bankruptcy Code"), this case is hereby **CONVERTED** to a case under chapter 7 of the Bankruptcy Code, effective immediately.

3. The Office of the United States Trustee shall appoint a chapter 7 trustee forthwith.

4. All powers of the Debtor as debtor-in-possession are terminated upon entry of this Order.

5. The Debtor is authorized and directed to cooperate fully with the chapter 7 trustee, including, without limitation, by promptly turning over all property of the estate and all books, records, documents, electronically stored information, and other materials reasonably requested by the chapter 7 trustee.

6. Without limiting the foregoing, the Debtor shall preserve and make available to the chapter 7 trustee all pharmacy-related records, including patient records, prescription logs, controlled substance inventories, regulatory correspondence, and licensing materials.

7. This Court shall retain jurisdiction to enforce and implement the terms of this Order.