UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**NANCY ISAACSON, Esq.**
**GREENBAUM ROWE SMITH & DAVIS LLP**
75 Livingston Avenue,
Suite 301
New Jersey 07068
(973)577-1930
nisaacson@greenbaumlaw.com
Chapter 7 Trustee

| | |
|---|---|
| In Re:<br><br>DGN PHARMACY, INC.,<br><br>Debtor. | Chapter: 7<br><br>Case No.: 26-11520 (JKS)<br><br>Judge: Hon. John K. Sherwood |

**Limited Objection of Nancy Isaacson, Chapter 7 Trustee, to**
**Murray Hill Parkway Flex Buildings LLC's Motion for Relief from the Automatic Stay**

Nancy Isaacson, Chapter 7 Trustee ("Trustee") for DGN PHARMACY, INC., the captioned debtor ('Debtor"), submits this limited objection to Murray Hill Parkway Flex Buildings LLC's ("Landlord") Motion for Relief from the Automatic Stay ("Motion") and in support thereof states:

1. In advance of the original return date for the Motion, Trustee advised counsel for the Landlord that, except for the date by which the Trustee must vacate and turn over complete possession of the leased premises to the Landlord, Trustee does not object to the Stay Relief Motion. Trustee further advised Landlord's counsel that, except for the pharmacy portion of the leased premises, she had not objection to Landlord taking back possession of the

remainder of the leased premises. Trustee does not want to interfere with Landlord doing what it needs to do to lease the premises - she only needs access to the pharmacy portion.

2. Trustee requested that the date for turnover of possession coincide with this Court's adjourned date to determine the pending Order to Show Cause Why the Case Should not be Dismissed for Failure to File Missing Schedules and Statement of Financial Affairs (OTSC") filed on February 27, 2026 (Doc. No. 2). The return date for the OTSC is May 26, 2026.

3. Trustee further advised Landlord's counsel that 1) she is charged with disposing of the controlled and non-controlled drugs maintained at the premises, 2) the drugs are maintained in a small portion of the leased premises in a locked pharmacy for which only Debtor's pharmacist has the code to enter, 3) she needed time to complete this task and 4) the DEA was scheduled to remove the controlled substances, and did remove, on May 5, 2026.

4. DEA advised the Trustee that of the drugs on the premises, 10% were controlled substances. The remaining 90% of the drugs are non-controlled drugs. Trustee is currently trying to confirm with the appropriate New Jersey governmental entities that removing the remainder of the drugs and taking them to a place where they can be destroyed is the appropriate course of action.

5. Trustee is awaiting confirmation from the East Rutherford Police Department that they will accept the remainder of the drugs for destruction but as of the date of this filing, has not received confirmation. If the East Rutherford Police Department will not take the drugs for destruction, Trustee needs another plan.

6. Considering the foregoing, Trustee requests that the Motion be granted with the effective date of the Trustee's turnover of possession of the pharmacy to the Landlord should

coincide with the next return date on the pending OTSC, May 26, 2026 without prejudice to Trustee requesting an extension of time if an entity to destroy the drugs is not found.

Respectfully submitted,

/s/ Nancy Isaacson
Nancy Isaacson

DATED: May 14, 2026