Order Filed on May 21, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FORMAN HOLT
365 West Passaic Street, Suite 400
Rochelle Park, NJ 07662
Telephone: (201) 845-1000
Facsimile: (201) 655-6650
Attorneys for Murray Hill Parkway Flex Buildings, LLC
Michael E. Holt, Esq.
mholt@formanlaw.com

| | |
|---|---|
| In Re:<br><br>DGN PHARMACY, INC.,<br><br>Debtor. | Chapter: 7<br><br>Case No.: 26-11520 (JKS)<br><br>Judge: Hon. John K. Sherwood<br><br>Hearing Date: May 19, 2026<br>Hearing Time: 10:00 a.m. |

**CONSENT ORDER (I) GRANTING RELIEF FROM THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(d), (II) ABANDONING PERSONAL PROPERTY, AND (III) GRANTING RELATED RELIEF**

The relief set forth in the following pages numbered two through four be and hereby is **ORDERED.**

**DATED: May 21, 2026**

Honorable John K. Sherwood
United States Bankruptcy Court

**THIS MATTER,** having been brought before the court upon the motion [ECF No. 29] (the "Motion") of Murray Hill Parkway Flex Buildings, LLC (the "Landlord"), through its attorneys, Forman Holt, for the entry of an order for (i) relief from the automatic stay provisions of 11 U.S.C. § 362(d), and (ii) directing Chapter 7 Trustee[1] to remove personal property and surrender possession of the Premises; and the court having considered the pleadings submitted; and the Landlord, through its respective counsel ,and the Chapter 7 Trustee, , having executed their consent to the form and entry of this consent order; and for good cause shown; it is

**ORDERED AS FOLLOWS:**

1. The Landlord is granted relief from the automatic stay under 11 U.S.C. § 362(d) to retake possession of the Premises as set forth herein.

2. On or before May 8, 2026, the Chapter 7 Trustee shall remove all controlled substances as defined under the New Jersey Controlled Dangerous Substances Act and regulations of the New Jersey Division of Consumer Affairs or as regulated and controlled by other State or Federal statutes or regulations (the "Controlled Substances").

3. The Landlord shall permit access to Units 210 and 225 at the Premises to the Chapter 7 Trustee and her designated representatives until May 31, 2026, for the purposes of removing the Controlled Substances.

4. All the Debtor's remaining personal property at the Premises, other than the Controlled Substances, are abandoned by the Chapter 7 Trustee under 11 U.S.C. section 554, and

[1] Capitalized terms not otherwise defined herein shall have the same meaning as in the Certification of Richard Branca submitted in support of the Motion.

the Landlord may transfer, sell, or otherwise dispose of such personal property without further notice to creditors or order of the Court.

5. The Landlord is authorized to immediately relet Unit 255 at the Premises. The Landlord shall not relet Units 210 and 225 at the Premises until on or after May 31, 2026, consistent with this Consent Order or upon further order of this Court.

6. The entry of this Consent Order is without prejudice to the Landlord's right to assert an administrative claim under 11 U.S.C. § 503(a) and (b) for the post-petition use and occupancy of the Premises or any objections or defenses the Chapter 7 Trustee might assert to such claim, if filed.

[SIGNATURES TO FOLLOW ON NEXT PAGE]

The undersigned are authorized to and hereby consent
to the form and entry of this Consent Order:

FORMAN HOLT
Attorneys for Murray Hill Parkway
Flex Buildings, LLC

By: */s/ Michael E. Holt*___________
Michael E. Holt

Dated: May 18, 2026

GREENBAUM ROWE SMITH & DAVIS LLP
Attorneys for Nancy Isaacson, Chapter 7 Trustee

By: */s/ Nancy Isaacson*_____________
Nancy Isaacson

Dated: May 18, 2026