Order Filed on July 15, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**NANCY ISAACSON, CHAPTER 7 TRUSTEE**
**GREENBAUM ROWE SMITH & DAVIS LLP**
75 Livingston Avenue,
Suite 301
New Jersey 07068
(973)577-1930
nisaacson@greenbaumlaw.com

In re:

DGN PHARMACY INC.,

Debtor.

Case No. 26-11520/JKS

Chapter 7

**ORDER GRANTING MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. 707(a)**

The relief set forth on the following page, numbered two -three (2-3), is hereby **ORDERED**.

**DATED: July 15, 2026**

Honorable John K. Sherwood
United States Bankruptcy Court

This matter having been brought before the Court upon the Motion of Nancy Isaacson, chapter 7 Trustee for the Debtor, DGN Pharmacy Inc. ("Debtor") to Dismiss Debtor's Chapter 7 case for Cause Under 11 U.S.C. § 707(a) ("Motion"); and it appearing that Genova Burns LLC (Daniel Stolz, Esq. appearing) having filed a skeletal chapter 11 Bankruptcy Petition on behalf of the Debtor on February 10, 2026; and it further appearing that the chapter 11 case converted to one under chapter 7 on February 17, 2026; and it further appearing that Nancy Isaacson, Esq, was appointed as the interim chapter 7 Trustee for the Debtor on February 17, 2026, and the Office of the United States Trustee ("Trustee") appearing through its counsel David Girardi, Esq.; and it further appearing that the Trustee commenced but did not conclude the Debtor's 341(a) meeting of creditors on March 11, 2026; and it further appearing that Debtor cannot/will not file the missing schedules and Statement of Financial Affairs ("SOFA"); and it further appearing that at the time Debtor ceased operating as a mail order pharmacy, it maintained an inventory of drugs and narcotics; and it further appearing that the Trustee immediately upon her appointment commenced her duties as Trustee as proscribed by 11 U.S.C. § 704 including retaining an accountant, Vestcorp, LLC, paying to maintain Debtor's Google Workspace, working with the United States Drug Enforcement Agency and the New Jersey Board of Pharmacy and New Jersey Attorney General; and it further appearing that Trustee responded to many questions from interested parties including former employees and creditors; and it further appearing that Mr. Stolz was given a $58,660 retainer ("Retainer") to prepare and prosecute a chapter 11 case for the Debtor and good and sufficient cause appearing for the entry of the within order, it is hereby

**ORDERED** as follows:

1. The captioned case will be dismissed for cause under 11 U.S.C. § 707(a) upon Trustee's receipt from Genova Burns LLC the sum of $25,000 from the Retainer to

compensate her for her time and expenses and that of her retained accountant Vestcorp.

2. Trustee shall file an affidavit acknowledging receipt of the sums set forth in paragraph 1 supra,

3. This Court shall retain jurisdiction over the enforcement of this Order.